

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EASTERN OCEAN TRANSPORTATION CO. LTD.,

                Plaintiff,

- against -

TOP LOGISTIC CO. LTD.,

                Defendant.
-----------------------------------------------------------X

## VERIFIED COMPLAINT

    Plaintiff, EASTERN OCEAN TRANSPORTATION CO. LTD. ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, TOP LOGISTIC CO. LTD. ("Defendant"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Hong Kong.

    3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

    4.    At all material times, Plaintiff was the disponent Owner of the motor vessel "JAG RAHUL."

5. By a fixture note dated April 10, 2007 Plaintiff agreed to carry by sea a cargo of 50,000MT harmless nickel ore in bulk from Tubay in Philippine to Xingang or 1/2 Lianyugang on the vessel "JAG RAHUL."

6. Disputes arose between the parties regarding the condition of the cargo at loading.

7. After several tests, the cargo was found unsafe to carry and Plaintiff had to unload the cargo and make alternative arrangements incurring losses which are for the Defendant's account. *See Breakdown of Losses annexed hereto as Exhibit "1."*

8. Demurrage was incurred at the load port which is for the Defendant's account.

9. Pursuant to the fixture note, demurrage was to accrue at $35,000.00 per day.

10. After taking into account the demurrage time allowed under the fixture note, demurrage is still outstanding for 22.384 days. *See Laytime Calculation annexed hereto as Exhibit "2."*

11. Applying the rate above, demurrage is due and owing from Defendant in the amount of $783,465.28.

12. In addition, Defendant failed to pay freight due and owing under the fixture note in the amount of $1,294,095.00.

13. As a result of Defendant's breach of the fixture note, after taking into consideration credits for Defendant's account in the amount of $99,870.00, Plaintiff has sustained damages in the principal amount of $1,977,690.28, exclusive of interest, arbitration costs and attorneys fees.

14. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration at the International Economic and Trade Arbitration Commission of China in Shanghai with Chinese Law to apply.

15. Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to Plaintiff.

16. Thus, Plaintiff is preparing to commence arbitration proceedings on its claims.

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to Chinese Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---:|
| A. | Principal claim: | $1,977,690.28 |
| B. | Interest on claims:<br>2 years at 6%, compounded quarterly | $250,163.16 |
| C. | Estimated attorneys' fees and expenses: | $30,000.00 |
| D. | Estimated arbitration costs: | $35,867.00 |
| Total | | **$2,293,720.44** |

18. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount $2,293,720.44 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

4

Dated: September 20, 2007
New York, NY

                        The Plaintiff,
                        EASTERN OCEAN TRANSPORTATION CO. LTD.

By: _____
      Nancy R. Peterson (NP 2871)
      Patrick F. Lennon (2162)
      LENNON, MURPHY & LENNON, LLC
      420 Lexington Ave., Suite 300
      New York, NY 10170
      (212) 490-6050 – phone
      (212) 490-6070 – fax
      nrp@lenmur.com
      pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   New York
County of New York  )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   September 20, 2007
         New York, NY

                                            Nancy R. Peterson

EXHIBIT "1"

Case 1:07-cv-08212-DAB   Document 1   Filed 09/20/2007   Page 7 of 10

## PROSPECTIVE MARGIN

| | | | |
|---|---|---|---|
| TO TOP LOGISTIC CO., LTD | | | |
| FM EASTERN OCEAN TRANSPORTATION CO., LTD | | | |
| DD 6TH JUNE 07 | | | |
| MV JAG RAHUL | | | |
| DURATION OF NEXT VOY FM L/P TO D/P ABT : | 6.0000000 DAYS | | |
| STAY AT D/P : | 4.0000000 DAYS | | |
| TTL DURATION : | 10.0000000 DAYS | | |
| ESTIMATED BUNKER CONSUMPTION OF VOYAGE FM L/P TUBAY TO D/P XINGANG : | | | |
| IFO : | 200.00 MT | | |
| MDO : | 1.00 MT | | |
| IFO PRICE : | $382.00 PMT | | |
| MDO PRICE : | $600.00 PMT | | |
| (REG THE BUNKER PRICE, PLS FIND ATTACHED BUNKER INVOICE.) | | | |
| | | CREDIT | DEBIT |
| PLS FIND BELOW LOSS : | | | |
| 1 FULL FRT | | $1,294,095.00 | |
| 2 DEM AT L/P | | $783,465.28 | |
| 3 BUNKER CONSUMPTION OF VOY FM L/P TO COMPLETION OF DISCHG | | | |
| IFO : | | | $76,400.00 |
| MDO : | | | $600.00 |
| 4 ESTI PDA AT D/P : | | | $22,000.00 |
| 5 OCEAN ROUTE FEES : | | | $270.00 |
| 6 ESTI PNI FEES FOR 10 DAYS : | | | $600.00 |
| ttl | | $2,077,560.28 | $99,870.00 |
| MARGIN : | | $1,977,690.28 | |

EXHIBIT "2"

Case 1:07-cv-08212-DAB    Document 1    Filed 09/20/2007    Page 9 of 10

LAYTIME CALCULATION
MV JAG RAHUL AT L/P TUBAY, PHIL

DATE: 4-Jun-07
CP DATE: 12-Apr-07
LOAD PORT: TUBAY, PHIL
CARGO: 51,150.00 WMT NICKEL ORE IN BULK
LOADING RATE: 6,000.00 MT PWWD SHINC
ALLOWED LOADG TIME: 8.5250000 DAYS
DEM / DES: USD35,000/DAY | USD17,500/DAY

| HRS | | TIME USED | REMARK |
|---|---|---|---|
| 4-30 11:24 | | | VSL ARRIVED N NOR TENDERED |
| 4-30 18:10 | | | COMM LOADG AND LAYTIME CACUL |
| 4-30 18:10 | 5-1 0:00 | 5:50:00 | LOADING |
| 5-1 0:00 | 5-2 0:00 | 24:00:00 | LOADING |
| 5-2 0:00 | 5-3 0:00 | 24:00:00 | LOADING |
| 5-3 0:00 | 5-3 15:30 | 15:30:00 | LOADING |
| 5-3 15:30 | | | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-3 15:30 | 5-4 0:00 | 8:30:00 | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-4 0:00 | 5-5 0:00 | 24:00:00 | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-5 0:00 | 5-6 0:00 | 24:00:00 | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-6 0:00 | 5-7 0:00 | 24:00:00 | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-7 0:00 | 5-8 0:00 | 24:00:00 | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-8 0:00 | 5-9 0:00 | 24:00:00 | SUSPENDED DUE TO CGO IS UNSAFE ASP OWS' SURVEY |
| 5-9 0:00 | 5-9 8:46 | 8:46:00 | THE VSL ON DEM AT 0846LT 9TH MAY 07 |
| 5-9 8:46 | 5-10 0:00 | 17:14:00 | THE VSL ON DEM |
| 5-10 0:00 | 5-11 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-11 0:00 | 5-12 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-12 0:00 | 5-13 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-13 0:00 | 5-14 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-14 0:00 | 5-15 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-15 0:00 | 5-16 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-16 0:00 | 5-17 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-17 0:00 | 5-18 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-18 0:00 | 5-19 0:00 | 24:00:00 | THE VSL ON DEM |
| 5-19 0:00 | 5-19 9:05 | 9:05:00 | THE VSL ON DEM |
| 5-19 9:05 | | | COMM DISCHG ASP CHTRS' REQUEST |
| 5-19 9:05 | 5-20 0:00 | 14:55:00 | DISCHG |
| 5-20 0:00 | 5-31 16:00 | 280:00:00 | DISCH AND COMPLETED |

TOTAL TIME USED:     30.9097222 DAYS
TOTAL TIME ALLOWED:  8.5250000 DAYS
TOTAL TIME LOST:     22.3847222 DAYS
DEM:                 USD 783,465.28